THE CHICAGO AND ALTON RAILROAD COMPANY, Appellee, *vs.* THE PEORIA AND PEKIN UNION RAILWAY COMPANY, Appellant.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. RAILROADS—*when terminal contract is, in effect, a lease—liability of terminal company for goods stolen.* Where a railroad company having no terminal facilities of its own in a certain city contracts with a terminal railroad company for the use of its terminal facilities and tracks conjointly with other railroad companies having similar ·contracts and employs the terminal company to do all necessary' switching, the contract is, in effect, a lease.

2. Under such contract, whenever any part of the terminal company's tracks is occupied by the lessee's cars placed there, under the contract, for delivery to the consignee, the occupancy is the occupancy of the lessee.

3. In switching and transferring cars under such contract the terminal company assumes the liability of a common carrier, but when the cars are placed where directed by the lessee the terminal company's liability ceases, and the duty· of delivery to the consignee, as well as the care of the car and its contents until delivery, rests upon the lessee and not upon the terminal company, and the latter is not liable if goods are stolen from the car.

CARTER, J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

STEVENS, MILLER & ELLIOTT, for appellant.

PAGE, WEAD, HUNTER & SCULLY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Second District affirmed a judgment of the circuit court of Peoria county in favor of the appellee, against the appellant, and granted a certificate of importance and appeal to this court.

Appellee's claim was for reimbursement of the amount paid by it to several claimants for the loss of goods from freight cars transferred by the appellant. The appellant is a railroad corporation owning and operating a railroad from Peoria to Pekin. It owns extensive terminal facilities in Peoria, consisting of main tracks, side-tracks, switches, turn-outs, connecting tracks, round-houses, freight houses, passenger depots and storage and unloading tracks, together with cars and locomotives necessary in carrying on its business. It does an extensive business in transferring for other railroad companies whose railroads enter the city of Peoria, loaded and empty freight cars between the terminal points of such railroads in the city and between such terminal points and the points of destination of such cars on the tracks of appellant in the city. The appellee is a railroad corporation running its trains into the city of Peoria but not owning or operating any terminal facilities there. By virtue of a contract with the appellant it is entitled to the use of all the terminal facilities of the appellant in Peoria, and is obliged to deliver all its freight cars coming into or going out of or through Peoria to the appellant to be transferred, and the appellant is bound to transfer all loaded or empty cars between all freight houses, warehouses and the various other points of delivery on its tracks and the tracks and warehouses of other railroads with any of which any of the appellant's tracks shall be connected and the tracks and divisions of appellee's rail-

road. The appellee was granted the right to use the tracks and terminal facilities, but not exclusively, the appellant reserving the right to make or renew similar contracts with other railroad companies and to use such tracks and terminal facilities for the operation of its own trains. The appellee agreed to pay as rental for the said tracks and terminal facilities $22,500 per annum; to pay its just proportion, according to a rule established by the contract, of the maintenance, renewal and repair of certain of the tracks and premises; to pay such reasonable sum for each of its passenger, mail and baggage cars entering or leaving the appellant's union passenger depot at Peoria as should be fixed by the appellant, being a uniform rate for each car to be charged all companies running their passenger trains to and from the said depot, without discrimination; to pay all such reasonable charges as should be made by the appellant for the transfer service to and from connecting railroads, being a uniform rate for each car, previously fixed by the appellant, to be charged to all companies for such service, without discrimination; and to pay all such reasonable charges as should be made by the appellant for handling and switching its loaded and empty cars to and from freight houses, warehouses, packing houses, stock yards, grain elevators, distilleries, mills and other industries at the cities of Pekin and Peoria, being a uniform rate for each car, which should have been previously fixed by the appellant, to be charged to all companies for such service, without discrimination. The contract provided for the full and equal use and enjoyment, without discrimination, by the appellee, and by all other companies having the right to such use and enjoyment, of all the said tracks, switches, depots, freight houses and other property, of the service of handling, switching and transferring cars, of equal facilities and accommodations for their business and of equal care and attention to it on the part of the appellant, and that the general management, control and supervision of

all the property, and of the use, location, improvement and repair of it, should be in the full and sole control of the appellant. The written contract is long, but it is believed that what has been set out discloses sufficient of its terms for the proper disposition of the case. It was under this contract that the goods, the loss of which constitutes the appellee's claims, first came to the possession of the appellant. The goods were shipped over different railroads from different places, at different times, to different consignees, and were all brought by the appellee in its trains to Peoria to the yards of the appellant. The appellee in each instance directed the appellant to transfer the car to the appellant's Water street track, to be unloaded by the consignee. The cars were transferred by the appellant and left on the track where the appellee directed them to be placed. Before they were unloaded the cars were broken into and a part of the goods were stolen.

The chief controversy is as to the existence of a duty on the part of the appellant to exercise care to prevent the loss of the contents of the cars after they had been placed upon the track where directed by the appellee. The parties agree that in transferring the cars the appellant acted as a common carrier. Their disagreement is as to when the appellant's service ended. The appellant claims that it had performed its whole duty when it set the cars for unloading as directed by the appellee and that its liability for the cars or their contents then ceased. The appellee insists that after the cars were placed for unloading the appellant was still bound to exercise care to prevent the loss of them, and that its liability was that of a warehouseman. On the trial propositions of law were submitted by either side as to the appellant's duty and liability. Those stating the appellee's view were held by the court and those stating the appellant's view were refused.

By the cases of *Peoria and Pekin Union Railway Co. v. United States Rolling Stock Co.* 136 Ill. 643, and *East*

*St. Louis Connecting Railway Co.* v. *Wabash, St. Louis and Pacific Railway Co.* 123 id. 594, it is determined that appellant was not liable as a common carrier after placing the cars. The trial court and the Appellate Court, however, held it liable as a warehouseman or bailee for hire, and in so doing fell into error. In the contract between the parties the appellee is referred to as a lessee. In fact, it is a lessee. It has a right to the possession and use of the tracks and property mentioned in the contract as complete, though not so extensive, as that of the appellant, who owns them. The right is not exclusive, but is shared with the appellant and the other railroad companies to whom similar leases have been made. Whenever any part of the appellant's track is occupied by the appellee's cars, placed there, under the contract, for delivery to the consignee, the occupancy is the appellee's occupancy. It is for the time being exclusive, and as rightful and complete as if the appellee were the sole owner of the track. Whenever the appellee orders a car placed on one of the appellant's tracks which the appellee has the right to use, and the car is accordingly so placed, the appellee's possession and control of the car are as complete and its rights and obligations in respect thereto are the same as if the car stood upon any part of the appellee's own track, except that the appellee cannot use its own motive power to change the location of the car but must call upon the appellant for that purpose. In switching and transferring cars in accordance with the appellee's directions, whether from the appellee's terminal at Peoria to the track of appellant convenient for delivery to the consignee, or from one of the tracks or divisions of the appellee's railroad to another of such tracks or divisions, or to another railroad, or from one of the appellant's tracks to another, the appellant's duty and liability are the same. In all this switching service, of whatever character, it acts merely as the agent of the appellee to shift the latter's cars from one track which the appellee

has a right to use to another track which it has a right to use, for the purpose of enabling the appellee conveniently to complete its contract of carriage and make delivery to the consignee. There is nothing to indicate that the appellant, when switching cars, knows anything about the car or its contents or consignee, or has any right to demand any such information. So far as appears it merely receives notice to move a certain car from one track to another, and has nothing to do with or knowledge of the consignee, the unloading, the delivery or the notice to the consignee. It has no further duty to perform in connection with that car until again requested to move it.

The contract of the appellant with the appellee was not to deliver to the consignee. That was the duty of the appellee. Since it had no facilities for delivering freight at its own terminal it obtained from the appellant a lease of other premises for that purpose, and since it could reach such premises only over the appellant's track, it employed the appellant to switch its cars to such premises. These premises, in the present case, were the appellant's Water street track, which was leased to the appellee in common with others, the lessor also reserving a certain use to itself. The service performed by the appellant was the hauling of cars from one of defendant's tracks to another, and when that service was performed the appellant's liability ended. When the cars were placed on the Water street track they were no longer in the possession of the appellant but were in the possession of the appellee, and the duty of delivery to the consignee, and the care of the car and its contents until such delivery, rested not upon the appellant but upon the appellee.

The judgments of the Appellate Court and circuit court will be reversed and the cause will be remanded to the circuit court.                    *Reversed and remanded.*

Mr. Justice Carter, dissenting.